UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff*,

 v.               Case No. 18 CR 62 (PP)

BRIAN L. GANOS,

    *Defendant*.

## BRIAN GANOS'S STATEMENT PURSUANT TO LOCAL RULE 12(c)

Brian Ganos, by his counsel, provides the following information in (belated) compliance with E.D. WIS. CRIMINAL LOCAL RULE 12(c).

**A.** Brian Ganos has filed a motion to suppress evidence [Dkt. No. 39]. The motion asserts that the search warrants used to search his residence and business have critical flaws that undermined the probable cause determination. First, Ganos claims that the virtually identical affidavits lack probable cause because they do not permit the Magistrate Judge to assess the credibility of the government's confidential informant(s), CS-1. Ganos claims that the affidavits present as fact the confidential informant's statements, when the confidential informant expressed them as beliefs or opinions. The omission of information relating to the confidential

informant's credibility was a crucial and material omission that affects the probable cause determination. Second, the application for the search warrant did not disclose that some of the business records, summarized in the application, were taken by the confidential informant, without authority, and likely at the direction of investigators—a fact that goes to the credibility of the confidential informant. Ganos posits that if these two flaws are corrected, then the application for the search warrant will not support a probable cause determination.

**B.** The motion principally raises the legal issue of whether the applications for the search warrants demonstrate probable cause—are the search warrants facially valid? Probable cause sufficient to support a search warrant exists where "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States*, 517 U.S. 690, 696 (1996). When those "known facts and circumstances" used to support a finding of probable cause are derived from a confidential informant's statements, the legitimacy of a probable cause determination turns on that "CI's reliability, veracity and basis of knowledge." *United States v. Johnson*, 289 F.3d 1034, 1038 (7th Cir. 2002); *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005). "In determining whether probable cause exists, an official must consider the totality of circumstances." *United States v. Brack*, 188 F.3d

748, 755 (7th Cir. 1999) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Two sub-issues related to the probable cause determination arise when addressing the principal issue. The first is whether the omission of information about the confidential informant's credibility and reliability affects the probable cause determination: in short-hand, this is a *Franks* issue. *See Franks v. Delaware*, 438 U.S. 154 (1978).

"The essential protection of the warrant requirement of the Fourth Amendment" lies in the requirement that the usual inferences that reasonable people draw from evidence be drawn " 'by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' " *Illinois v. Gates*, 462 U.S. 213, 240 (1983), quoting *Johnson v. United States*, 333 U.S. 10, 13–14 (1948). Cases that test the sufficiency of affidavits for warrants obtained based on informants are highly fact-specific, but information about the informant's credibility or potential bias is crucial. *United States v. Glover*, 755 F.3d 811, 816 (7th Cir. 2014). Ganos notes that adverse information is so essential to a witness's credibility that the same information regarding a government witness at trial would have to be disclosed to the defense as exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).

-3-    HURLEY BURISH, S.C.

Case 2:18-cr-00062-PP-DEJ   Filed 09/17/18   Page 3 of 6   Document 64

To the extent that the government may have a limited privilege to withhold information to protect an informant's identity, that privilege does not extend to wholesale omission of damaging credibility information. When an affidavit presents a close question as to probable cause, any available credibility information is likely to be material to the magistrate's decision. Because the application here omitted all credibility information in this case, the magistrate had no meaningful opportunity to exercise his or her discretion to draw favorable or unfavorable inferences. *See Glover*, 755 F.3d at 818.

The other issue is whether the business records that were provided by the confidential informant were lawfully obtained by the government. Ganos believes that the collection of the business records prior to the search warrant occurred at the direction of investigators. In any case, it does not appear that the confidential informant was authorized either to access the records or the remove them from the business; the records were non-public material in any case.

C. As for material disputed facts, Brian Ganos believes that testimony ought be taken regarding the reliability of the confidential informant. *See* Dkt. No. 39, at ¶¶ 4-7. Then, questioning ought be had on whether the statements the confidential informant made to investigators which are different from those statements made by investigators and which are attributed to the confidential

-4-                                                                                          Hurley Burish, s.c.

Case 2:18-cr-00062-PP-DEJ   Filed 09/17/18   Page 4 of 6   Document 64

informant in the application for the search warrant, particularly any statements that reflect the confidential informant's belief or opinion. *See* Dkt. No. 39, at ¶¶ 10-13. Lastly, testimony ought be taken as to the issue of the business records that were summarized by investigators. The focus of the questioning would hone in on how the government obtained these records, whether and how it requested the confidential informant to obtain the business records, and the steps taken by the confidential informant to obtain the records, and whether the confidential informant was authorized to take the non-public records from the business. *See* Dkt. No. 39, at ¶¶ 14-18.

*D.* Presumably, the United States disputes Ganos's claim, and particularly as it relates to the need for an evidentiary hearing. *See* Dkt. 49. The United States asserts that an evidentiary hearing is not necessary. *Id.* To be clear, counsel erred by not contacting the United States to file the instant statement, but that ought not grounds on which to deny an evidentiary hearing. *See id.* Indeed, the United States makes no claim of prejudice. *See id.*

*E.* Brian Ganos believes that at least two witnesses ought be called to testify at an evidentiary hearing on his motion: the confidential informant, and Special Agent Suzanne Humeniak of the Department of Veterans Affairs Office of Inspector General, who drafted the affidavit and averred to the veracity of the facts

asserted. He thinks it reasonable that the testimony of these witnesses might take two hours of in-court time.

For the reasons he explains here, Brian Ganos admits to and apologizes for his initially overlooking the requirements of the local rule; but, he believes that testimony ought be taken at an evidentiary hearing in order for the Court to properly determine the legal issue raised by his motion.

Dated this 17th day of September, 2018.

Respectfully submitted,

BRIAN L. GANOS, *Defendant*

*/s/ Stephen P. Hurley*
Stephen P. Hurley
*Wisconsin Bar No.* 1015654
Marcus J. Berghahn
*Wisconsin Bar No.* 1026953
HURLEY BURISH, S.C.
33 E. Main Street, Suite 400
Madison, WI 53701-1528
(608) 257-0945

James M. Shellow
*Wisconsin Bar No.* 1006070
SHELLOW & SHELLOW, S.C.
324 W. Vine Street
Milwaukee WI 53212-3606