UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          *Plaintiff*,

   v.                                                          Case No. 18-CR-62 (PP-DEJ)

BRIAN L. GANOS, SONAG COMPANY, INC.,
MARK F. SPINDLER, AND NUVO CONSTRUCTION CO., INC.

          *Defendants*.

### UNITED STATES' RESPONSE TO SONAG'S AND BRIAN GANOS'S OBJECTIONS TO THE RECOMMENDATION TO DENY THEIR MOTIONS TO DISMISS

The United States of America, by undersigned counsel, respectfully submits this response to Sonag Company, Inc.'s ("Sonag") Revised Objections to Recommendation to Deny Motion to Dismiss Counts 1 and 14 (Doc. 98) ("Sonag's Objection") and Brian Ganos's ("Ganos") Objection to Report and Recommendation Denying His Motion to Dismiss Count 14. (Doc. 99).

### INTRODUCTION

The Magistrate Judge correctly rejected Sonag's and Ganos's novel legal argument that Counts One and Fourteen's conspiracy counts against Sonag, as well as Count Fourteen's conspiracy count against Ganos, must be dismissed because a solely-owned or solely-controlled corporation cannot conspire as a matter of law. (Doc. 90, at 2 "Report and Recommendation"). The Magistrate Judge is correct because the cases on which Sonag relies do not support Sonag's argument. Rather, as the Magistrate Judge explained, "the authority relied upon by the defendants stands for a much narrower principle: a solely owned corporation cannot conspire *solely* with its

owner." *Id.* at 10 (emphasis in original). To be sure, Sonag has cited some new cases in its Objections. *See* Doc. 98, at 14. But those new cases stand for the same narrow proposition as Sonag's old cases – that a solely-owned and solely-controlled corporation cannot conspire solely with its owner.

That narrow proposition which Sonag now repeats has no application here. Counts One and Fourteen allege conspiracies that involved not only Sonag and its owner, Brian Ganos, but also additional human and corporate co-conspirators. As the Magistrate Judge noted, "Count One charges Mr. Ganos and Sonag with knowingly conspiring with Mr. Spindler and Nuvo to engage in mail and wire fraud," and "Count Fourteen explicitly alleges that Mr. Ganos and Sonag conspired with L.M. and other Ganos-affiliated entities to engage in money laundering." Report and Recommendation at 7 (citing Doc. 25 (Superseding Indictment), ¶¶ 1, 46). Moreover, both Counts One and Fourteen expressly allege that those above-named persons conspired with "other persons and entities known and unknown to Grand Jury."

These allegations preclude dismissal for two related reasons. First, even if no one besides Ganos could act for Sonag, both Ganos and Sonag can be guilty for conspiring with others outside the corporation. *See* Report and Recommendation at 9-11; *see also United States v. Panhandle Trading, Inc.*, 2006 WL 1888346, at *4 (N.D. Fla. 2006) (declining to dismiss conspiracy charge against an individual and two solely-owned and solely-controlled corporations because the indictment alleged co-conspirators outside of the two corporations). As noted, the Superseding Indictment alleges other co-conspirators with whom Ganos and Sonag conspired.

Second, although the Magistrate Judge did not reach this issue, the Superseding Indictment permits proof at trial that there were, in fact, other employees besides Ganos who acted for Sonag. The Superseding Indictment alleges other "known and unknown" co-conspirators, and it alleges

2

that Sonag performed substantial construction work, indicating that Sonag had employees besides Ganos who acted for Sonag. *See* Doc. 25, ¶¶ 2, 11. And, in fact, through much of the conspiracy, Sonag had numerous employees. For example, Sonag's payroll records show that in 2010, Sonag paid wages to over 30 employees. Moreover, one of those employees in 2010 was L.M., who is expressly named as a co-conspirator in the Superseding Indictment.[1] Doc. 25, at 15. The premise of Sonag's motion—that "Brian Ganos alone acted for Sonag," Doc. 98, at 12—is false.

In its reply brief before the Magistrate Judge, Sonag argued that by charging Ganos and his solely-owned corporation separately, Counts One and Fourteen of the Superseding Indictment put Sonag and Ganos in double jeopardy in violation of the Fifth Amendment and were duplicitous. Even though Sonag likely waived those arguments, the Magistrate Judge correctly rejected both as meritless. Report and Recommendation at 11-13. As the Magistrate Judge noted, Sonag and Ganos are different "people" for the purposes of double jeopardy. *Id.* at 11-12. Further, the Magistrate Judge correctly rejected the duplicity argument because it was based on the same false premise as Sonag's main argument—that a solely-owned corporation cannot conspire with its owner—which the Magistrate Judge had already rejected. *See* Report and Recommendation at 12-13.

In sum, this Court should adopt the Magistrate Judge's Report and Recommendation and deny Ganos' and Sonag's motions to dismiss Counts One and Fourteen of the Superseding Indictment.

---

[1] As the government will show at trial, in 2010, L.M. was providing accounting services for Sonag and the related companies C3T and Nuvo as a Sonag employee. L.M. later performed the same accounting services as an independent contractor.

3

# ARGUMENT

I. **The Superseding Indictment Sufficiently Alleges that Sonag Company Conspired with Individuals or Entities Other Than Brian Ganos.**

For an indictment to properly allege a crime, all it must do is "identify the elements of the crime, fairly inform the defendant of the charge so that he may prepare a defense, and enable the defendant to evaluate any double jeopardy problems." *United States v. Phillips*, 645 F.3d 859, 861 (7th Cir. 2011); *see also* Fed. R. Crim. Pro. 7(c). In a conspiracy indictment, to satisfy the plurality requirement, the United States is not required to name any of the defendant's alleged co-conspirators. *See Ellzey v. United States*, 210 F. Supp. 2d 1046, 1052 (C.D. Ill. 2002) (noting, in the habeas context, that an indictment that just named the defendant and referenced "others, both known and unknown to the grand jury" was sufficient to apprise defendant of the conspiracy charge against him) (*citing United States v. Townsend*, 924 F.2d 1385, 1389 (7th Cir. 1991)). Given these liberal pleading standards, it is little wonder that Sonag was unable to cite a single case in which a conspiracy charge against a solely-owned or solely-controlled corporation, or its owner, was dismissed before trial. *See* Sonag's Objection at 11-14. Indeed, nearly every non-background case that Sonag cites involved not a motion to dismiss,[2] but instead a post-trial review of the evidence.[3]

Here, Counts One and Fourteen amply exceed these pleadings standards. Both counts sufficiently allege crimes against Sonag and Ganos because the counts recite the elements of the

---

[2] Sonag cited two cases that arose in the motion to dismiss context: *United States v. Panhandle Trading, Inc.*, 2006 WL 1888346 (N.D. Fla. 2006), and *United States v. Giuseppe Bottiglieri Shipping Co., S.PA.*, 2012 WL 1899844, (S.D. Ala. May 24, 2012). But in both of those cases, the motions to dismiss were denied.

[3] In order of appearance beginning on page 11 of Sonag's Objections, none of these cases analyzes the adequacy of an indictment or a motion to dismiss before trial; but instead each focuses on the trial evidence introduced by the United States: *United States v. Hughes Aircraft Co., Inc.*, 20 F.3d 974 (9th Cir. 1994); *United States v. Sain*, 141 F.3d 463 (3d Cir. 1998); *United States v. Hartley*, 678 F.2d 961 (11th Cir. 1982); *United States v. Carroll*, 114 F.Supp. 939

4

offense, inform Sonag and Ganos of the charges so they can prepare a defense, and enable them to evaluate any double jeopardy problems. *See Phillips*, 645 F.3d at 861. In particular, both counts charge Ganos and Sonag with conspiring with persons or entities other than each other.

To sufficiently allege a conspiracy charge against Sonag, the Superseding Indictment need not specifically allege who acted on Sonag's behalf. *See, e.g.*, *Ellzey*, 210 F. Supp. 2d at 1048. Rather, the Superseding Indictment need merely allege that Sonag joined the two charged conspiracies with at least one of the several named entities and individuals – other than its owner Brian Ganos – or with "other persons and entities known and unknown to the Grand Jury."

As the Magistrate Judge concluded, both Counts One and Fourteen exceed those standards by alleging "an agreement between Mr. Ganos, Sonag, and at least one other individual or entity." Report and Recommendation at 6-7. As the Magistrate Judge explained:

> Count One charges Mr. Ganos and Sonag with knowingly conspiring with Mr. Spindler and Nuvo to engage in mail and wire fraud. *See* Superseding Indictment ¶ 1. And Count Fourteen explicitly alleges that Mr. Ganos and Sonag conspired with L.M. and other Ganos-affiliated entities to engage in money laundering. *See id.* ¶ 46.

Report and Recommendation at 7. Further, Count One of the Superseding Indictment identifies particular other individuals who participated in its conspiracy, such as J.H. and the straw owners (J.L., T.A., and O.M.). *See* Doc. 25, at 4-11.

Therefore, even ignoring the words "with other persons and entities known and unknown to the Grand Jury," which are sufficient to support a count, *see Ellzey*, 210 F. Supp. 2d at 1048, both Counts One and Fourteen of the Superseding Indictment alleged specific individuals and entities, beyond Brian Ganos, with whom Sonag conspired.

---

(S.D.N.Y. 1956); *United States v. Stevens*, 909 F.2d 431 (11th Cir. 1990); *United States v. Peters*, 732 F.2d 1004 (1st Cir. 1984); *United States v. American Grain & Related Industries*, 763 F.2d 312 (8th Cir. 1985); *United States v. Spiezio*, 523 F. Supp. 264 (E.D. Pa. 1981); *United States v. Consolidated Coal Co.*, 424 F. Supp. 577 (S.D. Ohio 1976).

Moreover, the Superseding Indictment suffices even if the Court accepted Sonag's legal argument that a soley-owned and solely-controlled corporation cannot conspire. As explained below, that argument is wrong. Setting that aside, however, even Sonag concedes that both Sonag and Ganos could be guilty of conspiring if there was another co-conspirator within Sonag. *See* Doc. 98, at 15 ("two or more employees or agents of one corporation may conspire, and the corporation may be held responsible"); *id.* at 17 ("A permissible intra-corporate conspiracy requires two or more living people within the corporation"). Here, the Superseding Indictment permits the government to prove at trial that there were additional co-conspirators within Sonag. Sonag claims "[t]here was no second person within its walls" besides Ganos. Doc. 98, at 15. But that is false. As the Superseding Indictment alleges, Sonag was a construction company. Doc. 25, at 4. Sonag's own payroll records, which are in its possession and in discovery, show that Sonag had various employees besides Ganos. Indeed, Sonag paid wages to over 30 individuals in 2010, the middle of the conspiracy.

More to the point, at least one of those Sonag insiders—L.M.—was a co-conspirator for both Count One and Count Fourteen. Sonag distorts the truth in claiming that "L.M. was an outside, independent professional consultant, not an agent of Sonag." Doc. 98, at 23-24. The truth is that L.M. was on Sonag's payroll for much of Count One's conspiracy, working with Ganos and handling the bookkeeping for Sonag, C3T, and Nuvo. Only later during Count One's conspiracy did L.M. provide the same services as an independent contractor. As for Count Fourteen, it plainly alleges that L.M. conspired with Ganos to launder money through Sonag. Thus, even accepting Sonag's (mistaken) view of conspiracy law, the Superseding Indictment sufficiently alleges that Ganos conspired with at least one other agent of Sonag.

6

If at the close of the United States' case-in-chief at trial, Sonag believes that the United States has not proved that Sonag conspired with an individual or entity other than Ganos, then it can move to dismiss Sonag at that time. But there is no valid legal basis to dismiss the superseding indictment before trial, as even Sonag seems to acknowledge. *See* Sonag's Objection, at 26 (requesting alternative relief of a jury instruction in lieu of dismissal).

## II. The Magistrate Judge Correctly Rejected Sonag's Argument That a "Solely-Owned and Solely-Controlled Corporation Cannot Conspire."

As the Magistrate Judge explained, Sonag failed to cite any authority for its novel legal argument that "a solely-owned or solely-controlled corporation cannot conspire" as a matter of law. Report and Recommendation at 10. The few new cases Sonag cites in its Objection just stand for the same proposition as its old cases: a solely-owned and solely-controlled corporation cannot conspire solely with its owner. In the 57-pages (15-page Motion to Dismiss, 15-page Reply, and 27-page Objections) Sonag has filed on this topic, it has not cited a single case in which a court did what it is asking this Court to do: dismiss an indictment because a solely-owned corporation cannot conspire (even with third-parties) as a matter of law.

In Sonag's Objections, just as in its Motion to Dismiss, Sonag relies on *United States v. Carroll* – a case from over 50 years ago and from a different district court – for the alleged legal proposition that a "solely-owned or solely-controlled corporation cannot conspire." Motion to Dismiss at 11; Sonag's Objections at 13.

But as the Magistrate Judge concluded, Sonag's reliance on *Carroll* is misplaced. *See* Report and Recommendation, at 10 ("Rather, the authority relied upon by the defendants stands for a much narrower principle: a solely owned corporation cannot conspire *solely* with its owner." (citing *Carroll*)). Indeed, Sonag's summary of *Carroll* makes the case appear to hold that a "solely-owned or solely-controlled corporation cannot conspire," when the case simply holds the

7

same thing as the other intra-corporate conspiracy cases that Sonag previously cited: a conspiracy cannot exist solely between a corporation and one individual acting on its behalf. In its brief, Sonag wrote:

> The indictment had charged Sheba Bracelets, Inc. and four men, including Carroll, with conspiracy and other crimes. Granting the motion of Carroll and Sheba Bracelets, Inc. to dismiss the conspiracy count, the district court explained: "Because of its dominance by Carroll, and because of the absence of evidence inculpating anybody else in the corporation, a conspiracy, if it is to be found, must be found between the defendant and Carroll and the business institution he used to carry out his purposes. Such a finding, it seems, would over-extend the fiction of corporate personality." *Carroll*, 144 F. Supp. at 941.

Sonag's summary of *Carroll* is incomplete because Sonag failed to mention that two of the men initially charged with Carroll were severed from the case, and then at the close of the government's case, the court granted a motion to dismiss as to the third. Then, "[d]efendants Carroll and Sheba Bracelets, Inc., (Sheba) [] made motions to dismiss the conspiracy count for the reason the [g]overnment had not proved anyone to be conspiring with Carroll . . . ." *Id.* at 941. The Court's reasoning makes clear that if there had been evidence that Carroll and Sheba had conspired with any other person, it would *not* have granted the motion. *Id.* at 942 ("It is true that corporations often have been held to be parties to a conspiracy . . . . However, in all such cases, one corporation had been in concert with another or with individuals who were not members of the corporation."). Accordingly, the holding of *Carroll* is limited: an individual cannot conspire with just the corporation he solely controls. *Id.*

Next, as it did in its Motion to Dismiss, Sonag claims that *United States v. Stevens*, is the "most influential" adoption of the supposed legal principle that a solely-owned or solely-controlled corporation cannot conspire. Motion to Dismiss at 11; Sonag's Objections at 13. However, even the language Sonag quotes from *Stevens*—"a sole stockholder who completely controls a

8

corporation and is the sole actor in performance of corporate activities, cannot be guilty of a criminal conspiracy with that corporation *in the absence of another human actor*"—does not support its contention. Sonag's Objections at 13 (*quoting Stevens*, 909 F.2d at 431) (emphasis added). The Eleventh Circuit did not hold that "another human actor" was required *within* the corporation, but just that another human actor was required within or without the corporation. *Id.* The Magistrate Judge agreed that *Stevens* stands for the narrower principle that a solely owned corporation cannot conspire *solely* with its owner. Report and Recommendation at 10.

In its Objections, Sonag now acknowledges that the language in *Stevens* does not explicitly support its position, but instead argues that the Eleven Circuit implicitly meant that "a sole stockholder who completely controls a corporation and is the sole actor in performance of corporate activities, cannot be guilty of a criminal conspiracy with that corporation in the absence of another human actor [in the corporation]." *See* Sonag's Objections 13 ("*Stevens* implicitly refers to another human actor within the corporation.") However, if the Eleventh Circuit meant that the other human actor needed to be within the corporation, it would have said that. It did not. Therefore, the Magistrate Judge was correct to conclude that *Stevens* stands for the narrow proposition – that is no help to Sonag – that a solely-owned corporation cannot conspire *solely* with its owner. Report and Recommendation at 10.

Sonag also again cites *United States v. Panhandle Trading, Inc.*, 2006 WL 1888346 (N.D. Fla. 2006) for the supposed proposition that a solely-owned and solely-controlled corporation cannot conspire as a matter of law. Sonag's Objections at 14 (*quoting Panhandle*). But *Panhandle*, like *Stevens*, stands for no such proposition. In *Panhandle*, an individual (Danny D. Nguyen) and seven corporate entities were indicted for conspiracy under 18 U.S.C. § 371. *Id.* at *4. Nguyen acted on behalf of two of the indicted corporations (Panhandle Trading, Inc. ("PTI")

9

and Panhandle Seafood, Inc. ("PSI")), and the indictment did not allege any wrongdoing of any other agent or employee of either PTI or PSI. *Id.* at *2. Nguyen, PTI, and PSI moved to dismiss for the same reasons Sonag and Ganos have here. *Id.* at *1. The district court in *Panhandle* succinctly described the case law cited by Nguyen, PTI, and PSI (and now Sonag and Ganos):

> The law is clear that a corporation and its officers or agents may be held liable under § 371 for conspiring with each other. *See United States v. Stevens*, 909 F.2d 431, 432 (11th Cir. 1990). However, the law is equally clear that '[a] corporate officer, acting alone on behalf of the corporation, could not be convicted of conspiring with the corporation.'" *Id.* at *1 (quoting *United States v. Peters*, 732 F.2d 1004, 1008 (1st Cir. 1984) (*citing United States v. Carroll*, 144 F.Supp. 939, 941-42 (S.D.N.Y. 1956)).

*Id.* at *1. Nonetheless, the *Panhandle* court denied the motion to dismiss on the ground that the indictment alleged that the corporate defendant conspired with a person or entity other than the corporation's sole owner:

> [W]hile it is true that Nguyen, PTI, and PSI cannot be convicted for conspiring with each other, Defendants provide no legal support to warrant *dismissal* . . . . The Superseding Indictment (Doc 9) does not allege solely that Nguyen, PTI, and PSI conspired with each other; rather it alleges a conspiracy or conspiracies between eight individual and corporate defendants, including Nguyen, PTI, and PSI. To remedy Defendants' concerns that the jury might improperly convict Nguyen, PTI or PSI of conspiring with each other, the jury can be instructed that Nguyen, PTI, and PSI cannot be found guilty of conspiring with each other . . . . Dismissal of Count One is therefore unnecessary and superfluous.

*Id.* at *4. Accordingly, none of the case law cited by Sonag supports its rule that a solely-owned or a solely-controlled corporation cannot conspire as a matter of law. Rather, even Sonag's cases stand for the proposition that a solely-owned or solely-controlled corporation can indeed conspire with "another human actor," other than its owner, inside or outside the corporation.

Denying Sonag's and Ganos's motion to dismiss would also serve the policy underlying conspiracy law. As the Eleventh Circuit noted in *Stevens*, conspiracy law punishes agreements rather than substantive crimes: "Conspiracy is a crime separate from the substantive criminal

10

offense which is the purpose of the conspiracy. This separate punishment is targeted not at the substantive offenses themselves, but at the danger posed to society by combinations of individuals acting in concert." 909 F.2d at 433. Addressing whether an individual and a corporation can conspire by themselves, the Eleventh Circuit reasoned in *Stevens*: "The threat posed to society by these combinations arises from the creative interaction of two autonomous minds . . . . The societal threat is of a different quality when one human simply uses the corporate mechanism to carry out his crime. The danger from agreement does not arise." *Id.* Sonag's proposed rule – that a solely-owned or solely-controlled corporation cannot be held liable for conspiring as a matter of law-- would undermine the very purpose of conspiracy law. If a solely-owned or solely-controlled corporation conspires with an outside individual or separate corporation controlled by a different person, then the danger that conspiracy law is intended to combat – namely, "the creative interaction of two autonomous minds" – is indeed present. Therefore, adopting Sonag's unsupported rule would undermine the purpose of conspiracy law as to any conspiracies involving a solely-owned and solely-controlled company.

Relatedly, adopting Sonag's proposed rule that a solely-owned and solely-controlled corporation cannot be charged in a federal criminal conspiracy would create profoundly bad incentives for creative criminals. If this rule were adopted, an individual could form a corporation, enter into agreements on behalf of that corporation to defraud anyone, and the corporation (which could have assets or bank accounts in its name) could not be charged in a federal criminal conspiracy. Such a rule is contrary to the purpose of corporate law because it insulates the corporate entity from the criminal acts of its principal. *See Hartley*, 678 F.2d at 970 ("By personifying a corporation, the entity was forced to answer for its negligent acts and to shoulder financial responsibility for them. The fiction was never intended to prohibit the imposition of

11

criminal liability by allowing a corporation or its agents to hide behind the identity of the other."); *see also id.* at 971 (*quoting United States v. Wise*, 370 U.S. 405 (1962) (Harlan, J. concurring) ("[T]he fiction of corporate entity, operative to protect officers from contract liability, had never been applied as a shield against criminal prosecutions . . . .")). The Court should decline to adopt a novel shield against corporate criminal liability.

With these conspiracy principles in mind, the Superseding Indictment plainly exceeds the limited pleading requirements that apply to indictments. Counts One and Fourteen allege that Sonag conspired with specific co-conspirators other than Ganos. Nothing more is required.

**III.     The Magistrate Judge Correctly Rejected Sonag's Double Jeopardy Argument.**

The Magistrate Judge correctly rejected Sonag's argument that "charging the company with conspiring with its sole owner violates the Double Jeopardy Clause of the Fifth Amendment because it requires Mr. Ganos to secure two acquittals to win on Count One or Count Fourteen." Report and Recommendation at 11. That argument fails for a variety of reason. First, the Double Jeopardy Clause is inapplicable to this case because neither Mr. Ganos nor Sonag has had even a single jeopardy attach. *See United States v. Wampler*, 624 F.3d 1330, 1340-1341 (10th Cir. 2010). In *Wampler*, the Tenth Circuit wrote "[f]irst, to invoke the Constitution's protection against *double* jeopardy, naturally one must have been subjected to jeopardy for a *first* time. It is a 'fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy.'" *Id.* at 1341 (quoting *Serfass v. United States*, 420 U.S. 377, 393 (1975)). In a jury trial, jeopardy attaches when the jury is empaneled and sworn; in a bench trial, jeopardy attaches when the court starts to hear evidence. *Id.* at 1341. Therefore, Sonag's double jeopardy argument can be rejected because it is procedurally premature. Accordingly, contrary to what Sonag asserts in its objections, it does

12

not have a colorable claim of double jeopardy, so there is no appellate jurisdiction for an interlocutory appeal. *See* Sonag's Objections, at 21-22. *See also Wampler*, 624 F.3d at 1342.

Even assuming that Sonag had not forfeited its double jeopardy argument, as the Magistrate Judge held it did,[4] and that the argument was ripe for adjudication, for the reasons the Magistrate Judge concluded, the double jeopardy argument still fails on the merits. The Fifth Amendment states, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." As the Magistrate Judge wrote, "[a]lthough Mr. Ganos appears to be its sole owner, Sonag 'is a separate legal entity with an existence 'independent of the individuals who compose it.'" Report and Recommendation at 11 (quoting *United States v. Sain*, 141 F.3d 463, 474 (3d Cir. 1998)). The Court in *Sain* goes on to hold, "[t]his is true even if a single individual owns and controls all of the corporation's stock." *Id.* (citation omitted). The Magistrate Judge then correctly recounts that corporations are considered "persons" for the purpose of double jeopardy. Report and Recommendation, at 11 (citing cases). He then reasons that since Sonag and Ganos are each facing their own punishments for the conspiracies for Counts One and Fourteen, "the Superseding Indictment does not twice place the same person in jeopardy." Report and Recommendation at 12.

Furthermore, the protections afforded by the double jeopardy clause are "intrinsically personal" and do not attach to owners or officers of a corporation that was previously prosecuted. *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 779 (1994) (internal quotation omitted);

---

[4] Report and Recommendation, at 11 ("This argument was raised for the first time in a reply brief, and so it is forfeited."). *See United States v. Howard*, No. 12-CR-83-BBC, 2012 WL 5389663, at *5 (W.D. Wis. Nov. 2, 2012), *aff'd*, 729 F.3d 655 (7th Cir. 2013) ("Defendant never raised any issue of systematic misbehavior until his reply brief, dkt. #33 at 14, and then only in a footnote. He has forfeited this argument.")

13

*United States v. Louisville Edible Oils Prods., Inc.*, 926 F.2d 584, 586 (6th Cir. 1991) (rejecting claim that punishment of S corporation could constitute punishment of employees who were paid by corporation's profits); *United States v. Woods*, 949 F.2d 175, 177 (5th Cir. 1991) (per curiam), cert. denied 503 U.S. 961 (1992) (receivership action against corporation could not constitute punishment against sole shareholder for double jeopardy purposes).

## IV. The Magistrate Judge Correctly Concluded that Sonag's Duplicity Argument Is Meritless.

In its Objections, Sonag reiterates its argument from its reply brief that Counts One and Fourteen are duplicitous. *See* Sonag's Objections, at 22-23. In his Report and Recommendation, the Magistrate Judge precisely described the fatal flaw of this argument:

> Sonag's argument rests on the faulty premise that a solely owned corporation can never be charged with conspiring with its owner and that, therefore, the counts must be read as involving two conspiracies—one in which Mr. Ganos (but not Sonag) is a member, and a second in which Soinag (but not Mr. Ganos is a member. As explained above, however, there is no prohibition on including an owner and his corporation in the same charged conspiracy.

Report and Recommendation at 12. In other words, Sonag's duplicity argument rests on his novel legal argument that a solely-owned and solely-controlled corporation cannot conspire with its owner. As the Magistrate Judge noted, once that underlying argument is rejected, it follows that Sonag's duplicity argument must also be rejected:

> Counts One and Fourteen properly charge one conspiracy each: Count One charges Mr. Ganos and Sonag with conspiring with Mr. Spindler, Nuvo, and "other persons and entities know and unknown to the Grand Jury, Superseding Indictment ¶ 1; and Count Fourteen charges Mr. Ganos and Sonag with conspiring with "other persons and entities know and unknown to the Grand Jury (including L.M.; Sonag I, LLC; and Trinity Marketing Services, Inc.), Superseding Indictment ¶ 46.

Report and Recommendation at 12.

14

Therefore, Sonag's duplicity argument is merely derivative of its main argument – and once its main argument is rejected, the derivative duplicity argument must be rejected as well. For the same reasons, Sonag's argument that the Magistrate Judge's Report and Recommendation violates the Fifth Amendment's Grand Jury clause also fails. It rests on the premise that it is impossible as a legal matter for Ganos and Sonag to have conspired with each other. Once the Court rejects that premise, it can then also reject this argument. *See* Sonag's Objections, at 23 ("the grand jury here clearly meant to charge only one conspiracy—one in which Ganos and Sonag, impossibly as a legal matter, conspired with each other.") Accordingly, Sonag's duplicity and grand jury arguments should be rejected.

## CONCLUSION

For the reasons stated above, this Court should adopt the Magistrate Judge's Report and Recommendation and deny Sonag's Motion to Dismiss Counts One and Fourteen as well as Ganos' Motion to Dismiss Count Fourteen for the same reasons. (Doc. 36 and 38).

Respectfully submitted this 21st day of December, 2018.

*s/ Matthew D. Krueger*
MATTHEW D. KRUEGER
United States Attorney
SCOTT J. CAMPBELL
MICHAEL A. CARTER
ZACHARY J. COREY
Assistant United States Attorneys
Attorneys for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
517 E. Wisconsin Ave. Suite 530
Milwaukee, Wisconsin 53202
Tel: (414) 297-1700
Fax: (414) 297-1738
Email: matthew.krueger@usdoj.gov
