```
                    UNITED STATES DISTRICT COURT

                FOR THE EASTERN DISTRICT OF WISCONSIN
-----------------------------------------------------------------
                                      )
  UNITED STATES OF AMERICA,            )
                                      )
                        Plaintiff,    )  Case No. 18-CR-62
                                      )  Milwaukee, Wisconsin
        vs.                           )
                                      )  February 15, 2019
  BRIAN L. GANOS, SONAG COMPANY,      )
  INC., MARK F. SPINDLER & NUVO       )  11:00 a.m.
  CONSTRUCTION CO., INC.,             )
                                      )
                        Defendants.   )
                                      )
-----------------------------------------------------------------
```

**TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE**
BEFORE THE HONORABLE DAVID E. JONES
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff
 UNITED STATES OF AMERICA:       United States Dpt of Justice
                                 By: Matthew Krueger, Michael
                                 Carter & Zachary Corey
                                 517 E Wisconsin Ave - Rm 530
                                 Milwaukee WI  53202
                                 Ph: 414-297-1700
                                 Fax: 414-297-1738
 For the Defendant               matthew.krueger@usdoj.gov
 BRIAN L. GANOS, SONAG
 COMPANY, INC., MARK F.
 SPINDLER & NUVO
 CONSTRUCTION CO., INC.:         Hurley Burish SC
                                 By: Stephen Hurley
                                 33 E Main Street - Ste 400 - PO
                                 Box 1528
                                 Madison, WI 53701
                                 Ph: 608-257-0945
                                 Fax: 608-257-5764
                                 Shurley@hurleyburish.com

1

```
CONTINUED APPEARANCES:

MARK SPINDLER
SONAG COMPANY, INC.:        Strang Bradley LLL
                            By: Dean Strang
                            33 E Main Street - Ste 400
                            Madison WI   53703
                            Ph: 608-535-1550
                            Fax: 608-406-2602
                            dean@strangbradley.com

NUVO CONSTRUCTION CO.,
 INC.:                      Mawicke & Goisman SC
                            By: Dennis Coffee
                            1509 N Prospect Ave
                            Milwaukee, WI   53202
                            Ph: 414-224-0600
                            Fax: 414-224-9359
                            dcoffee@mawickelaw.com
```

```
U.S. Official Transcriber:  SUSAN M. ARMBRUSTER, RMR
Transcript Orders:          Susan_armbruster@wied.uscourt.com
```

Proceedings recorded by electronic recording,
transcript produced by computer aided transcription.

1
2                    TRANSCRIPT OF PROCEEDINGS
3                   Transcribed From Audio Recording
4                            *   *   *
5           THE CLERK:  Court calls case 18-CR-62, United States
6    versus Brian L. Ganos, et al, here for counsel only status
7    conference.  May I have the appearances please first for the
8    Government.
9           MR. KRUEGER:  Good morning, Your Honor.  For the
10   United States Matthew Krueger, Zach Corey and Michael Carter.
11   Mr. Corey has a sentencing before Judge Adelman at 11:15.
12          THE COURT:  Got it.
13          MR. KRUEGER:  But he didn't want to miss an
14   opportunity to have at least 15 minutes with you.
15          THE COURT:  Well, it's certainly a pleasure.
16   Mr. Corey, I'll try to make it worth your time.  Mr. Carter,
17   pleasure to have you as well.  Mr. Krueger, of course, pleasure
18   to have you.  Let me get appearances from defendants.  Who's
19   here for Mr. Ganos, please?
20          MR. HURLEY:  Stephen Hurley, Your Honor.  Good
21   morning.
22          THE COURT:  Good morning to you, Mr. Hurley.  Good to
23   hear from you.  And who do I have for Mr. Spindler?
24          MR. STRANG:  I don't think Brian Fahl or anyone else
25   has chimed in yet.

3

1    THE COURT: I think that's right. So Mr. Strang, are
2 you covering for Mr. Fahl?
3    MR. STRANG: Yes.
4    THE COURT: Who is here for Sonag?
5    MR. STRANG: Dean Strang on behalf of Sonag. I would
6 have submitted a letter on Mr. Corey's behalf for a sentencing.
7    THE COURT: Mr. Corey indicates he appreciates the
8 gesture, Mr. Strang. Thank you very much. It's a nice piece of
9 karma on your part. So I don't think we have Mr. Coffey for
10 Nuvo. But Mr. Strang, if you can pitch in for Mr. Coffey, I'd
11 appreciate it.
12    MR. STRANG: They have not joined the motion in any
13 event.
14    THE COURT: That's true. That's exactly right. All
15 right, folks. I did want to get together with you because I
16 know you folks had put together a process for dealing with the
17 defendant's Motion to Strike the Jury Venire, that's number
18 104 -- Docket No. 104 and request for evidentiary hearing.
19    Let me tell you where things sit at this point. I
20 discussed the motion with -- the motion to strike with Judge
21 Pepper. It's -- Who just joined us, please?
22    MR. COFFEY: Dennis Coffey, Judge.
23    THE COURT: Mr. Coffey, great to have you. We just
24 got started. You didn't miss anything. We've got Mr. Krueger
25 for the United States along with Mr. Carter and Mr. Corey. And

4

1  then we have Mr. Hurley for Mr. Ganos, and Mr. Strang, of
2  course, is here for Sonag.  He's also going to fill in for
3  Mr. Fahl regarding Mr. Spindler.  And you, Mr. Coffey, are here
4  for, of course, Nuvo, correct?
5           MR. COFFEY:  That's correct.
6           THE COURT:  Excellent.  All right.  I was just getting
7  started, Mr. Coffey, so you didn't miss a thing.
8           Judge Pepper had reviewed 104.  I have reviewed 104,
9  and it is our assessment that this -- Simply, we're not
10 convinced that the -- that the standard has been met justifying
11 striking of the venire here, and that the standard -- The
12 applicable law currently as put out by the Seventh Circuit
13 simply requires a greater showing than is going to be able to be
14 done here.  And so, therefore, Judge Pepper, her ideal was to be
15 able to write that herself.  But given all the other things that
16 she's got to do, I am going to do instead a report and
17 recommendation recommending that the Motion to Strike the Jury
18 Venire be denied, and then she will -- There will be a process
19 for you guys to do objections and all that kind of stuff.
20          So we understand that that will build in some time,
21 but we -- we're confident that we'll be able to get that process
22 completed well before the July trial date.  It's also -- I don't
23 know, Mr. Strang, and I'm not asking you to commit at this point
24 whether it's your view that you're going to want to seek
25 interlocutory review by the seventh given our feeling in regard

5

1  to the standard. And it may be that your overall aim was to
2  take a whack at the current standard that we as district courts
3  or trial level courts are required to follow. But, you know,
4  we're aware of that possibility. You don't have to commit one
5  way or another at this point, but we're keeping the July trial
6  date, unless we're told by you guys otherwise.
7  　　　　　So the point of this hearing wasn't really to lay out
8  the decision, it was to let you guys know that all this sort of
9  stacking that or not stacking but briefing that you were going
10 to do, the United States was going to get an expert. That's not
11 going to be necessary. We do believe the standard justifying
12 the striking of the jury venire has not -- has not been
13 triggered here, so that's what I've got.
14 　　　　　Does the United States have a view on how this process
15 will affect the schedule at this point? I don't expect you to
16 have one. But if you do and or if there's some unattended
17 consequence, that's primarily why I want to get you here. That,
18 and I don't want folks to engage in work that you didn't need to
19 do.
20 　　　　　MR. KRUEGER: Thank you, Your Honor. That's very
21 helpful because we are working with an expert in the eventuality
22 if we have to have an evidentiary hearing. So this is very
23 helpful for planning purposes to be able to conserve costs.
24 　　　　　THE COURT: Right.
25 　　　　　MR. KRUEGER: And finding the availability of the

1 expert, for example, for evidentiary hearing was going to be
2 tricky, so this is very helpful to have this information.  The
3 Government is very interested in trying to keep the July trial
4 date.
5     THE COURT:  Good.
6     MR. KRUEGER:  And so I only request to do that.
7 However if briefing is ordered, that it -- and even for the
8 potential interlocutory appeal, that whatever is possibly going
9 to be done to keep the July trial date --
10     THE COURT:  Okay.
11     MR. KRUEGER:  -- would be done.  The Government will
12 do everything we can to accommodate that with briefing and any
13 sort of orders the Court thinks is necessary.
14     THE COURT:  Yeah, I appreciate that, Mr. Krueger.  We
15 will -- I was talking to Mr. Heacox about how quickly we could
16 get the R & R out because that, of course, the quicker we get
17 that out, the quicker you guys can do your objections or
18 whatever you're going to do on that.  We will -- We're going to
19 get it out before the end of March.  It might have moved up,
20 Mr. Heacox, a little bit the priority list.  We had talked about
21 that.  We will try and get it out as quickly as we can.  And I
22 know that Judge Pepper will -- she will turn right around, okay.
23     You guys know March is for judges, and I didn't know
24 this until I got here.  But March and I believe it is October.
25 March and September are bad months for judges because it's our

7

1  six -- We get -- Every six months we have to report at the end
2  of March and at the end of September what cases we've had of a
3  certain -- and it's like this list that goes around, and no one
4  wants to have cases on your list and things like that.
5         So Judge Pepper's going to be very busy in March and
6  may not be able to turn to this, but that's not going to be the
7  end of the world for you guys because we will then get the R & R
8  out in March, and you guys can start your briefing.  And by the
9  time the case is cued for her, it will be April, and she'll be
10 able to just turn right to it, and there won't be anything
11 getting in the way.
12         So we will -- I will take back to her the view of the
13 United States that you guys really want to keep the trial date,
14 and we'll do what we can to make that happen as well.
15         MR. KRUEGER:  Thank you.
16         THE COURT:  Mr. Strang, any concerns from a scheduling
17 perspective or any thoughts in regards to scheduling that you
18 have at this point?
19         MR. STRANG:  Yes.  As Your Honor has sketched the
20 Court's ruling, I think I can fill in the blanks confidently.
21 As to the Sixth Amendment challenge, the law in the Seventh
22 Circuit at the moment is got to show a ten percent absolute
23 disparity.  And that, you know, something as high as
24 9.74 percent even giving the defense, that hasn't hit the ten
25 percent absolute disparity threshold.  So that's, you know, a

1  fairly -- an issue with some embedded issues on what, you know,
2  can cognizable groups be aggregated and recognizable groups.
3  And that --
4           The reason to take that up to the Seventh Circuit in
5  the interlocutory, the argument would be not that it can't be
6  reviewed later, but that it's highly inefficient to go through a
7  three week trial and then find out that you have to do it all
8  over because, you know, the supreme court has changed the law
9  and there was at least a threshold showing to get an evidentiary
10 hearing on that.
11          So that would be the best reason for interlocutory
12 would be to try -- I might try it, but I've got to think that
13 through.  There's also a Fifth Amendment challenge.  And the
14 difference between the Fifth and the Sixth Amendment challenge
15 is, it's down to you got to prove discriminatory animus on the
16 Fifth Amendment challenge.  There I think, clearly, I've met the
17 threshold to get an evidentiary hearing.  I mean, it's at the
18 evidentiary hearing that I would make the prima facia case
19 about.  I think I met the threshold to get an evidentiary
20 hearing on the Fifth Amendment component.  And that I don't
21 know, you know, whether I just deal with that in the, you know,
22 objections to the R & R or whether then Judge Pepper makes a
23 legal ruling that also looks like it's a good candidate for
24 interlocutory review, and, you know, I don't know the law on
25 that to be honest.

9

1       But there again, you're going to come out to telling
2  the Seventh Circuit why at a three week trial with multiple
3  parties when there's, you know, a legal issue here that really
4  might count -- You know, it might require the court to send it
5  back for an evidentiary rehearing and vacate jury verdicts if
6  there are convictions.
7       So I think there's a good chance that I'll seek
8  interlocutory review, and I can't handicap whether the Seventh
9  Circuit would allow interlocutory review.  I mean, it's not a
10 call of order in the sense that it couldn't be reviewed later.
11 These issues do arise on direct appeals frequently.  It's an
12 efficiency -- It's really an efficiency issue.  And maybe on the
13 Fifth Amendment, it's sort of an obvious error kind of issue.
14      THE COURT:  Right.  Right.  You're tracking exactly
15 what I was talking to Judge Pepper about as far as your options
16 and how you would want to possibly deal with that.  The nice
17 thing is, Mr. Strang, you don't have to decide anything right
18 now.  You will have the opportunity to go, you know, look at
19 what we end up getting out and then using the objections process
20 to identify if there's clear error, for example, on the Fifth
21 Amendment determination and kind of make your assessment at that
22 point as to what you want to do.
23      And obviously, you and the United States will be
24 talking.  It may be that they decide, you know, that they don't
25 disagree that it should be interlocutory.  Who the heck knows.

1  But you guys will have an opportunity to think about it the best
2  way to get this case postured and disposed of.  But I just
3  wanted to let you folks know ahead of time what the process is
4  going to look like and that you can therefore stand down on the
5  evidentiary hearing aspects and the -- and the briefing kind of
6  schedule that you guys have put together to address these
7  issues.  All right.  Mr. Hurley, did you have anything for me?
8              MR. HURLEY:  I do not, Your Honor.
9              THE COURT:  All right, sir.  Thank you.  Mr. Coffey,
10 anything else from you?
11             MR. COFFEY:  No thank you, Your Honor.
12             THE COURT:  All right.  Mr. Strang, is there anything
13 further that you wanted to make a record about or ask about at
14 this point?
15             MR. STRANG:  No, I think we wait and see the Court's
16 recommendation report, and then we'll have ordinary local rule
17 schedule on objections to that I'm assuming?
18             THE COURT:  Correct, unless you and the United States
19 agree on an alternative, that would be my understanding is that
20 the regular -- We'll go by regular order at that point.
21             MR. STRANG:  Okay.
22             THE COURT:  All right.  And then, Mr. Krueger,
23 anything else from the United States?
24             MR. KRUEGER:  No.  Thank you, Your Honor.
25             THE COURT:  Excellent.  All right guys.  Again, thanks

1  very much for your time.  Appreciate it and have a very pleasant
2  -- The briefing on this -- Let me say this.  The briefing on
3  this was really quite good.  This is a -- This is very
4  interesting stuff, and I was glad to see that the briefing was
5  very professionally done, set the issues very clearly, and I
6  just couldn't -- I was proud of you guys.  You did a really nice
7  job.  It was a pleasure working on it, so we'll get something
8  out, and you'll be able to show off your briefing chops again to
9  Judge Pepper, and then you guys can decide how to get this thing
10 put to bed.  All right.  Thanks very much for your time.  We are
11 done.
12     (Whereupon proceeding was concluded.)

C E R T I F I C A T E

I, SUSAN ARMBRUSTER, RMR, Official Court Reporter and Transcriptionist for the United States District Court for the Eastern District of Wisconsin, do hereby certify that the foregoing pages are a true and accurate transcription of the audio file provided in the aforementioned matter to the best of my skill and ability.

Signed and Certified March 25, 2019.

/s/Susan Armbruster

Susan Armbruster

> Susan Armbruster, RPR, RMR
> United States Official Reporter
> 517 E Wisconsin Ave., Rm 200A,
> Milwaukee, WI 53202
> Susan_Armbruster@wied.uscourts.gov