UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. Case No. 18-cr-62-pp

BRIAN GANOS, MARK F. SPINDLER,
SONAG COMPANY INC., and
NUVO CONSTRUCTION COMPANY, INC., ,

    Defendants.

**ORDER DENYING DEFENDANT BRIAN L. GANOS AND SONAG COMPANY, INC.'S MOTION TO STAY THE PRETRIAL RESTRAINING ORDER AND STAY ALL PROCEEDINGS PENDING APPEAL OF THE PRETRIAL RESTRAINING ORDER (DKT. NO. 125), DECLINING TO RULE ON DEFENDANT BRIAN L. GANOS AND SONAG COMPANY, INC.'S MOTION TO STRIKE ASSETS FROM BILL OF PARTICULARS PENDING GUIDANCE FROM THE SEVENTH CIRCUIT (DKT. NO. 125), AND DENYING DEFENDANT BRIAN L. GANOS AND SONAG COMPANY, INC.'S MOTION TO SUPPLEMENT THE RECORD (DKT. NO. 129)**

On March 1, 2019, the court granted the government's *ex parte* application under 18 U.S.C. §853(e)(1)(A) (dkt. no. 113) for a post-indictment restraining order requiring defendants Sonag Company and Brian Ganos to escrow all future payments that Sonag Company receives for the sale of its interest in Sonag Ready Mix, and to account for the installment payments received to date. Dkt. No. 115. Before it signed the restraining order, the court tentatively set aside time on its calendar, assuming that one or both defendants would request a post-restraint hearing like the one described in

1

United States v. Moya-Gomez, 860 F.2d 706, 727 (7th Cir. 1988) (limiting the post-restraint hearing to those cases "where the defendant presents a *bona fide* need to utilize assets subject to the restraining order to conduct his defense"). The court did not end up using that reserved time; two weeks passed and the court heard nothing from the defendants—they did not object to the entry of the restraining order or request a hearing. Instead, on March 14, 2019, they filed a notice of appeal, citing 28 U.S.C. §1292(a)(1), United States v. Kirschenbaum, 156 F.3d 784, 788 (7th Cir. 1998) (finding the restraining order *and the district court's refusal to vacate it* to be immediately appealable) and the collateral order doctrine. Dkt. No. 118.

Another week passed before Sonag and Ganos filed the current motion to stay the pretrial restraining order and all proceedings pending appeal of the pretrial order. Dkt. No. 125. They simultaneously moved to strike the Sonag Ready Mix ("SRM") proceeds from the list of assets alleged to be "fruits or instrumentalities" in the bill of particulars. Id. They since have filed a motion to supplement the record with the government's second bill of particulars and their motion to stay (both filed *after* they filed the notice of appeal appeal). Dkt. No. 129.

Trial is scheduled to begin July 8, 2019.

I. **Motion to Stay the Pretrial Restraining Order and All Proceedings Pending Appeal (Dkt. No. 125)**

Sonag and Ganos ask the court to stay the pretrial restraining order and ask for "a stay of the proceedings to preserve the *status quo* pending" their appeal. Dkt. No. 131. That ask the court to stay all proceedings in the case

2

"until there has been a final ruling from the Court of Appeals," arguing that if the court does not stay proceedings, they will "suffer severe financial consequences and will be unable to pay upcoming fees due to current counsel." Id. at 12.

A. Standard for Granting a Stay Pending Appeal

While the defendants do not mention it in their motion, Federal Rule of Appellate Procedure 8(a) allows a district court to stay an order or suspend an injunction during the pendency of an appeal. In considering whether to issue a stay, courts consider factors such as (1) likelihood of success on the merits; (2) the risk of irreparable injury; (3) the potential for injury to interested parties; and (4) the public interest. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

1. *Likelihood of Success on the Merits*

The court must first consider the likelihood that the defendants will succeed on the merits of their appeal of the court's grant of the restraining order. The court suspects that the government may argue on appeal that the defendants forfeited their challenge by failing to object to the injunction or to request a post-restraint adversary hearing. Although they assert in their motion to stay that the injunction will affect their ability to retain counsel of their choice, the defendants did not give this court a chance to consider that argument or evidence that might support it.

The Seventh Circuit addressed a similar situation in United States v. Jones, where the defendant did not object at the time of the pretrial restraint but argued on appeal that the restraint violated his Sixth Amendment right to

3

hire counsel of his choice and his Fifth Amendment right to due process of law. Jones, 844 F.3d 636, 640 (7th Cir. 2019). The Seventh Circuit began by explaining that where a defendant fails to object during the district court proceedings, the appellate court will review for plain error "assuming the defendant has not actually waived the point." Id. The court stated that it "[could not] understand why [the defendant] failed to invoke his right to an immediate hearing under *Moya-Gomez*"—his right to an immediate hearing under Seventh Circuit case law. Id. at 641. It concluded that the defendant had "forfeited his challenge to the restraining order by failing to object in the district court," and reviewed the order only for plain error. Id. The court explained:

> [B]ecause Jones never objected to the restraint on his life insurance policies, the district court had no reason to probe these matters in an evidentiary hearing. The district court committed no plain error by entering the pretrial restraining order, which invited Jones to challenge it promptly if he thought there were grounds to do so.

Id. at 642.

The Seventh Circuit considered whether the Constitution mandates a post-restraint hearing in Moya–Gomez, when it addressed whether a pretrial restraint of the defendant's assets under 21 U.S.C. §853(e)(1)(A) violated the defendant's right to counsel of his choice and whether the pretrial restraint without an immediate post-restraint hearing violated the due process of the Fifth Amendment. Moya-Gomez, 860 F.2d at 716. The district court had entered an *ex parte* restraining order under 21 U.S.C. §853(e)(1)(A). Id. The Seventh Circuit rejected the

4

defendant's argument that a pretrial restraining order freezing the assets of a defendant violates the defendant's absolute Sixth Amendment right to counsel. Id. at 725. "While a defendant whose entire assets are subject to a restraining order will not be able to retain counsel of choice, he has the right to have counsel appointed." Id.

At the same time, the Moya-Gomez court recognized a limited due process right to contest the government's forfeiture allegation if the pretrial seizure of his assets would prevent him from hiring the counsel of his choice. Id. The court began with a finding that the statute does not provide for a post-restraint hearing in contrast to the section governing preindictment freeze orders. Id.; Compare 21 U.S.C. §85(e)(1)(A), with 21 U.S.C. §853(e)(1)(B). The court found the statute constitutionally infirm in those cases where the defendant presents a *bona fide* need to utilize assets subject to the restraining order to conduct his defense. Id. The court's chosen language is worth noting: "*If* the district defendant presents a *bona fide* need to utilize assets subject to the restraining order to conduct his defense" and "the district court finds that the defendant does not have other assets from which such payments can be made," the court "then must require the government to demonstrate the basis for its assertion, contained in the indictment, that the assets are subject to forfeiture." Id. (emphasis added). The Seventh Circuit concluded that there had been no due process violation in the case where counsel had objected to the order and the district court had set aside funds for attorney fees even though the court (1) did not require the government to establish the sufficiency of the

5

factual basis for its assertion that the funds would be forfeited and (2) did not determine whether the defendant had funds not subject to forfeiture to pay counsel of his choice. Id. at 730-731.

Nine years after the Moya-Gomez decision, the Seventh Circuit again considered whether property could be restrained pretrial, this time in a fraud and money laundering case. Kirschenbaum, 156 F.3d at 784. The district court had entered an *ex parte*, post-indictment order restraining $28,250,000 in various accounts and other property. Id. at 787. The defendant moved to vacate, arguing that he was entitled to an evidentiary hearing, that the government had the burden of proving that property covered by the order was forfeitable and that he needed some of the assets to retain counsel of his choice. Id. The district court ordered the defendant to make a showing that he had no other funds to obtain counsel and later denied the motion without a hearing. Id. at 788. The defendant appealed; the district court stayed all proceedings pending the Seventh Circuit's ruling. Id.

The Seventh Circuit's decision in Kirschenbaum provides guidance in this case on three arguments raised by Sonag and Ganos. First, the court held that a district court's restraining order *and* its refusal to vacate the restraining order were immediately appealable under 28 U.S.C. §1292(a)(1). Id. at 788. Ganos never asked this court to vacate or modify the restraining order. Second, the defendant in Kirschenbaum argued that the property identified in the indictment was not subject to preconviction seizure because while the indictment alleged that the property was involved in money laundering under

6

18 U.S.C. §§982(a)(1) and 1957, it did not fall within the categories listed in 21 U.S.C. §853(a). Id. The defendants make this same argument on appeal, but the Seventh Circuit held that "§982(b)(1)'s incorporation of the various subsections of §853 incorporates those provisions' procedures but applies them only to the designated forfeitures under §982(a) rather than to forfeitures under §853(a). Id. at 791. Third, the Seventh Circuit reiterated its holding in Moya-Gomez that §853(e) prohibited a post-indictment hearing of the defendant to challenge the indictment's factual basis and that restraining forfeitable funds without a hearing did not violate the defendant's Sixth Amendment right to counsel of choice. Id. at 792. The due process clause of the Fifth Amendment requires an evidentiary hearing "*if the defendant could show a bona fide need to use the funds to obtain counsel.*" Id. at 792. The Seventh Circuit expressly declined to address the question of whether the statute is unconstitutional for failure to require a hearing before the pretrial restraining order can be imposed, because the defendant had not raised it in the district court or the appellate court. Id. at 793. The Seventh Circuit cautioned that it would be "imprudent to wrestle with whether the statute is unconstitutional—a difficult issue that has divided the circuits—without the benefit that a ruling by the district court and a full treatment by the parties on appeal" would provide. Id.

More recently, the Seventh Circuit rejected a defendant's argument that the district court erred by failing to order an evidentiary hearing *sua sponte* on his request to release escrowed funds. United States v. Kielar, 791 F.3d 733, 738 (7th Cir. 2015). The court cited the language in Moya-Gomez recognizing a

7

limited due process right to contest the forfeiture allegation *if* the "defendant presents a *bona fide* need to utilize assets subject to a restraining order to conduct his defense." Id., 791 F.3d at 739. The court explained that, in order to demonstrate a *bona fide* need, the defendant must do more than submit a bare-bones affidavit stating he lacks funds. Id. (citing Kirschenbaum, 156 F.3d at 792). The Seventh Circuit found that the defendant had knowingly waived his right to request an evidentiary hearing where counsel stated he would not be asking for a hearing and nothing in the record suggesting that the decision was not a knowing and voluntary one. Id.

Against this backdrop, the court considers the likelihood of success on the merits. Sonag and Ganos have filed an appeal divesting the court of jurisdiction to modify or vacate the restraining order. Only *after* filing the notice of appeal did they tell this court, in their motion for a stay pending appeal, that the order affected their rights to counsel of their choice. If the appellate court concludes that the defendants did not forfeit or waive their challenge, it next must consider whether the defendants were entitled to a hearing without having to request one. Ganos and Sonag argue that the "court was not permitted to enter the order *ex parte*." Dkt. No. 125 at 5. Yet in entering the restraining order, the court complied with 21 U.S.C. §853(d)(1)(A), which provides for the entry of a restraining order or injunction to preserve available property after the filing of an indictment. 21 U.S.C. §853(d)(1)(A). The same statute authorizes a pre-indictment restraining order after notice and opportunity for hearing are given to those having an interest in the property, 21

8

U.S.C. §853(e)(1)(B), unless the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would be subject to forfeiture and that provision of notice would jeopardize the availability of property for forfeiture, 21 U.S.C. §853(e)(2). Although the defendants argue they were entitled to a hearing, the Seventh Circuit held that §853(e) "prohibited a post-indictment hearing to challenge the indictment's factual basis" and that "restraining forfeitable funds without a hearing did not violate a defendant's Sixth Amendment right to counsel of his choice." Kirschenbaum, 156 F.3d at 792 (citing Moya-Gomez, 791 F.3d at 730). The court has not found any binding authority requiring it to, *sua sponte*, schedule a pre-restraint hearing for an *ex parte* application under 21 U.S.C. §853(e)(1)(A).

Next, Ganos and Sonag argue that the court did not ascertain whether the funds requested to be restrained fell within the property described in 21 U.S.C. §853(a). The Seventh Circuit addressed this issue in Kirschenbaum when it explained that 21 U.S.C. §853(e) permits restraint of property involved in money laundering and subject to forfeiture under 18 U.S.C. §982(a). This court found probable cause to believe that if Sonag or Ganos are convicted, all right, title and interest in Sonag are subject to criminal forfeiture under 18 U.S.C. §982(a)(1) on the ground that Sonag and Ganos substantially facilitated and were therefore involved in one or more of the money laundering offenses. Dkt. No. 115 at 1; see also Dkt. No. 113, ¶¶59-76, 80. When entering this order, the court did not restrain property of Sonag Ready Mix as a substitute,

9

untainted asset; it found probable cause to believe that Sonag's property (from the sale of the business) would be subject to forfeiture as money involved in the money laundering scheme. Id.

One final point of clarification—the restraining order does *not* require Sonag and Ganos to "produce all of the funds they have ever received as payment for SRM under the Redemption Agreement." Dkt. No. 125 at 10. The order requires the defendants to *account* for all installment payments they received to date under the Redemption Agreement and to turn over to the U.S. Marshals Service the funds *still in the possession* of Sonag or Ganos. Dkt. No. 115 at 2-3 (emphasis added). These funds are not forfeited but rather placed in an escrow account pending the outcome of the trial scheduled for July 8, 2019. Id.

Because Sonag and Ganos did not preserve the arguments or objections they make on appeal, the court finds that they have not demonstrated a likelihood of success on the merits.

2. *Risk of Irreparable Injury*

Ganos filed an affidavit, explaining that his unrestrained assets would be insufficient to pay "upcoming fees due to counsel and personal expenses" and that Sonag would not be able to pay if the court did not grant relief. Dkt. No. 125-1 at ¶¶8-9. He also asserts that Sonag has attorneys' fees upcoming, as well as business expenses that it won't be able to pay if the court does not grant him relief from the restraining order. Id. at ¶9. The government responded with the affidavit of Special Agent Jennifer Walkowski, identifying

10

significant assets available to Ganos personally and through Sonag and other businesses. Dkt. No. 130-1 at ¶¶5-12. Agent Walkowski also documented the dissipation of assets occurring since May of 2018, including the sale of real property, construction equipment and fourteen poker tournaments. Id. at ¶¶10-12.

Had the defendants asked, the court was prepared to hold a hearing so that it could consider evidence of just the sort the parties discuss in the affidavits, and possibly avoid the harm the defendants allege is occurring. But the defendants waited two weeks before filing their notice of appeal, and three weeks before filing this motion to stay pending that appeal—all without coming to this court and asking to present the evidence they now want the court to consider. It is difficult to agree that the harm the defendants argue they are suffering is "irreparable" when they did not ask the court to "repair" that harm before depriving the court of jurisdiction to consider the evidence.

### 3. *The Potential for Injury to Interested Parties and the Public Interest*

The motion to stay pending appeal does not address either the harm to interested parties or harm to the public interest. The government argues that the government and the public have an interest in preserving forfeitable property. Dkt. No. 130 at 14 (citing Kaley v. United States, 571 U.S. 320, 323 (2014); Caplin & Drysdale, 491 US. 617, 630 (1989)). It also argues that staying the proceedings with trial only a couple of months away would harm the government's and public's interest in a speedy trial. Dkt. No. 130 at 15.

11

4. *Conclusion*

Ganos and Sonag have not demonstrated that the court should stay the case pending the outcome of the appeal. The court notes, however, that if the case were not on appeal, and the defendants asked the court to schedule an evidentiary hearing, it would do so.

**II. Motion to Strike Assets from the Bill of Particulars (Dkt. No. 125)**

After filing the notice of appeal, Sonag and Ganos asked the court to strike from the list of assets alleged to be "fruits or instrumentalities" in the bill of particulars the Sonag Ready Mix proceeds. Dkt. No. 125. The defendants combined the motion to strike with the motion to stay, arguing that the *ex parte* application sought to restrain the same asset identified and discussed in the bill of particulars. Dkt. No. 125 at 3. Ordinarily, filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." United States v. Brown, 732 F.3d 781, 787 (7th Cir. 2013) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)); see also United States v. McHugh, 528 F.3d 538, 540 (7th Cir. 2008). While the court understands that there are exceptions to this rule, see, *e.g.* United States v. Byrski, 854 F.2d 955, 956 n.1 (7th Cir. 1988); United States v. Centracchio, 236 F.3d 812, 813 (7th Cir. 2001), Sonag and Ganos themselves have pointed out that the bill of particulars is inextricably intertwined with the court's issuance of the restraining order that they have appealed. The court declines to rule on the

12

motion to strike assets from the bill of particulars until the Seventh Circuit has disposed of the appeal or otherwise instructs the court to rule.

**III. Motion to Supplement the Record (Dkt. No. 129)**

On April 1, 2019, Sonag and Ganos asked the court to supplement the record on appeal to include docket entries 124, 125, 125-1 and 125-2. Dkt. No. 129. They explained that the issues on appeal "deal with identification of forfeitable assets and whether such assets may be restrained pretrial." Dkt. No. 129 at 2. Docket 124 is a second bill of particulars filed by the government on March 20, 2019—*after* the defendants filed their appeal and unrelated to the restraining order. Docket 125 is the motion to stay, docket. no. 125-1 is Ganos' affidavit and docket. no. 125-2 is information on Sonag's business expenses. As the court already has discussed, the defendants did not ask this court to consider any of the information in dkt. no. 125, or the evidence at dkt. nos. 125-1 and 125-2, prior to filing their notice of appeal.

Federal Rule of Appellate Procedure 10(e) allows a party to supplement the appellate record "if anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e). The purpose of the rule is "to ensure that the record reflects what really happened in the district court." Gallo v. Mayo Clinic Health System-Franciscan Medical Center, Inc., 907 F.3d 961, 964 (7th Cir. 2018) (quoting United States v. Banks, 405 F.3d 559, 567 (7th Cir. 2005)). It is not designed to allow "the losing party to add new material to the record in order to collaterally attack the trial court's

13

judgment." Id. The court will deny the motion to supplement the record on appeal with evidence this court did not have the opportunity to consider.

## IV. Conclusion

The court **DENIES** the defendants' motion to stay the pretrial restraining order and to stay all proceedings pending appeal of the pretrial restraining order and **DECLINES** to rule on the motion to strike assets in the event the filing of the appeal divested this court of jurisdiction. Dkt. No. 125. The court **DENIES** the defendants' motion to supplement the record. Dkt. No. 129

Dated in Milwaukee, Wisconsin this 2nd day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**