UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 18-cr-62-pp |
| Plaintiff, | **UNDER SEAL** |
| v. | |
| BRIAN L. GANOS, SONAG COMPANY, INC., MARK F. SPINDLER, and NUVO CONSTRUCTION CO., INC., | |
| Defendants. | |

**ORDER GRANTING IN PART BRIAN GANOS' *EX PARTE* MOTION FOR RULE 17(c) SUBPOENAS (DKT. NO. 141)**

Brian Ganos asks the court to grant *ex parte* approval for him to issue seven subpoenas *duces tecum,* and to enforce those subpoenas. Dkt. No. 141. The defendant sought leave to file the motion under seal, dkt. no. 140, and the court granted that motion, requiring the motion to remain sealed until further order of the court, dkt. no. 145. Generally, the documents the defendant seeks fall within the scope of Fed. R. Crim. P. Rule 17(c)—they appear to be evidentiary and, for the most part, relevant; the defendant has indicated that he cannot obtain them through the exercise of due diligence; he has made a showing that the documents are essential to prepare for trial; and he has alleged specific need to demonstrate that he make the request in good faith, and not as a general fishing expedition. See United States v.Tokash, 282 F.3d 962, 971 (7th Cir. 2002) (citing United States v. Nixon, 418 U.S. 684, 699-700 (1974); United States v. Ashman, 979 F.2d 469, 495 (7th Cir. 1992)). The

1

subpoenas the defendant attached to the motion, however, are overly broad in some respects. First, all seven subpoenas specify the date and time for the subpoenaed party to appear and produce the documents as "7.8.19 – 7.26.19 (8:30 a.m.)." The court suspects that the defendant does not actually expect the producing party to show up at the federal courthouse every day for nineteen days with the requested documents. (This goes for *in personam* subpoenas, as well—the court is aware that the defendant has requested a rather inordinate number of *in personam* subpoenas ahead of the July 8, 2019 trial, and that those subpoenas also indicate that the subpoenaed person should appear every day for nineteen days. The court will address that issue with the parties at the final pretrial conference.) In fact, at the end of the proposed order he submitted, the defendant indicated that he wanted the court to order that the subpoenas were returnable to his counsel by June 10, 2019. (The defendant filed the motion on April 29, 2019; had the court addressed the motion promptly, the subpoenaed individuals and entities would have had over thirty days to comply with the subpoena demands.) If the defendant wants the subpoenaed materials returnable to his counsel on a date prior to trial, he should indicate as much in the subpoena. While it is the court's fault that the defendant is receiving this ruling only forty-seven days before trial, the court nonetheless expects that the defendant will give the subpoenaed individuals and entities enough time to comply.

    Second, the subpoenas addressed to Lori Michaud, Linda Hubbell and James Hubbell individually demand records dating back to the year 2000, and

don't specify what month of that year. As the defendant acknowledges, the superseding indictment alleges that the charged offenses began in the summer of 2004. The court believes that it is appropriate for the defendant to seek records dating back to January 1, 2004, but no further. The superseding indictment also alleges that the conspiracy ended in August 2016, but the court will not require the defendant to modify his requests for documents "to the present day" at this time.

Finally, the subpoenas to the UW Milwaukee Registrar's Office and the custodian of records at Waukesha County Technical College demand four types of evidence. One of those "types" is "admission applications." Given the reasons the defendant has given for seeking these records, the court sees no relevance or evidentiary need for the defendant to obtain Ms. Michaud's admission applications; the defendant asserts that he needs to determine whether Michaud earned the degrees she claims to have been awarded, not whether she applies to the schools in question.

The court will authorize the defendant to issue the seven subpoenas on the condition that he make the modifications the court has described above.

As to the defendant's request that the court "enforce" the subpoenas, the court will not grant that request. If a party moves to quash a subpoena after its issuance, the court will consider the arguments of all parties in deciding whether to require the moving party to comply with the subpoena, in whole or as modified.

The court **GRANTS IN PART** the defendant's motion for authorization to issue the seven subpoenas *duces tecum*. Dkt. No. 142.

The court **ORDERS** that if the defendant makes the changes the court discussed above and submits the modified subpoenas to the clerk of court, the clerk shall sign those subpoenas.

Dated in Milwaukee, Wisconsin, this 22nd day of May, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**