UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Case No. 18-CR-62 (PP-DEJ)

BRIAN L. GANOS,

        Defendant.

---

## PLEA AGREEMENT

---

    1.    The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, Scott J. Campbell, Zachary J. Corey, and Michael A. Carter, Assistant United States Attorneys, and the defendant, Brian L. Ganos, individually and by attorney Stephen P. Hurley, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

    2.    The defendant has been charged in counts one to twenty-four of a twenty-five-count superseding indictment. Counts one to twenty-four allege violations of Title 18, United States Code, Sections 2, 1341, 1343, 1349, 1956 and 1957. The defendant is the sole owner and president of Sonag Company, Inc. ("Sonag Company"), which has been charged in counts one and fourteen of the superseding indictment for violations of Title 18, United States Code, Sections 1349 and 1956.

    3.    The defendant has read and fully understands the charges contained in the superseding indictment. He fully understands the nature and elements of the crimes with which

he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to counts four and ten of the superseding indictment, which are incorporated as part of this plea agreement as if set forth in full here.

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of counts four and ten of the superseding indictment. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that the facts in Attachment A are true and correct and establish his guilt beyond a reasonable doubt.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

## PENALTIES

6. The parties understand and agree that each of the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fine: twenty (20) years and $250,000. Each count also carries a mandatory special assessment of $100 and a maximum of three (3) years of supervised release.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the superseding indictment as they apply to the defendant at the time of sentencing, and to dismiss the original indictment in its entirety as it relates to Brian L. Ganos.

9. The government agrees to move to dismiss counts one and fourteen of the

superseding indictment as they apply to Sonag Company, Inc. at the time of sentencing, and to dismiss the original indictment in its entirety as it relates to Sonag Company, Inc.

## ELEMENTS

10. The parties understand and agree that in order to sustain the charge of wire fraud as set forth in the count four of the superseding indictment, the government must prove each of the following propositions beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly devised or participated in a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant did so with the intent to defraud;

<u>Third</u>, the scheme involved a materially false or fraudulent pretense, representation, or promise; and

<u>Fourth</u>, that for the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate wire communications to take place, in the manner charged in the particular count.

11. The parties understand and agree that in order to sustain the charge of mail fraud as set forth in count ten of the superseding indictment, the government must prove each of the following propositions beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly devised or participated in a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant did so with the intent to defraud;

<u>Third</u>, the scheme involved a materially false or fraudulent pretense, representation, or promise; and

<u>Fourth</u>, that for the purpose of carrying out the scheme or attempting to do so, the defendant knowingly caused the use of the United States Mails in the manner charged in the particular count.

## SENTENCING PROVISIONS

12. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

13. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

14. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in counts four and ten of the superseding indictment. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction

15. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

16. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below

4

the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### **Relevant Conduct**

17. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

### **Base Offense Level**

18. The parties agree to recommend to the sentencing court that the applicable base offense level for counts four and ten of the superseding indictment is seven (7) under Sentencing Guidelines Manual § 2B1.1(a)(1).

### **Specific Offense Characteristics**

19. The parties acknowledge and understand that the government will recommend to the sentencing court that the loss amount should be determined to account for the entire fraudulent scheme alleged in the superseding indictment, and that a 28-level increase for a loss exceeding $250,000,000 under Sentencing Guidelines Manual § 2B1.1(b)(1)(O) should be applied to the offense level. The parties acknowledge and understand that the defendant will not join this recommendation.

20. The parties acknowledge and understand that the government will recommend to the sentencing court that a 2-level increase for use of sophisticated means under Sentencing Guidelines Manual § 2B1.1(b)(10)(C) is applicable to the offense charged in counts four and ten. The parties acknowledge and understand that the defendant reserves the right to argue against this enhancement.

5

### Role in the Offense

21. The parties acknowledge and understand that the government will recommend to the sentencing court that a 4-level increase be given for an aggravating role in the offense pursuant to Sentencing Guidelines Manual § 3B1.1(a). The parties acknowledge and understand that the defendant reserves the right to argue against this enhancement entirely or for a 2-level or 3-level increase for a less aggravating role.

### Obstruction

22. The parties acknowledge and understand that the government will recommend to the sentencing court that a 2-level increase should be given for obstruction of justice pursuant to Sentencing Guidelines Manual § 3C1.1. The parties acknowledge and understand that the defendant reserves the right to argue against this enhancement.

### Acceptance of Responsibility

23. The parties acknowledge and understand that the government will recommend to the sentencing court that no decrease be given for acceptance of responsibility under Sentencing Guidelines Manual § 3E1.1 & application note 4, because the government contends that a 2-level increase for obstruction of justice is warranted under Sentencing Guidelines Manual § 3C1.1. The parties acknowledge and understand that the defendant reserves the right to argue that a decrease for acceptance of responsibility under Sentencing Guidelines Manual § 3E1.1 should apply.

### Sentencing Recommendations

24. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors. Neither party will provide the

6

court or the probation office with information that has not been disclosed to the other party.

25.     Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

26.     The government agrees to recommend a sentence of no longer than 78 months of incarceration. The parties understand that the defendant is not required to join the government in making its recommendation, and that the defendant will be free to recommend that any different sentence be imposed.

## Court's Determinations at Sentencing

27.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

28.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

29.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.

30.     The defendant agrees to provide to the United States Attorney's Office (USAO) with this plea agreement, and also upon request of the USAO's Financial Litigation Unit (FLU)

7

during any period of probation or supervised release imposed by the court, a complete and sworn financial statement, for himself personally and for Sonag Company, Inc., on forms provided by the USAO and any documentation required by the forms. The defendant further agrees, upon request of the USAO whether made before—or if the defendant still owes outstanding financial obligations in this case, after—sentencing, to promptly cooperate in the identification of assets in which the defendant has an interest and cooperate in the liquidation of any such assets in order to fulfill his financial obligations imposed in this case.

### Fine

31.     The parties acknowledge and understand that the parties will recommend to the sentencing court to impose a fine of $5,000 against the defendant pursuant to Sentencing Guidelines Manual § 5E1.2(c)(3). Prior to sentencing, the defendant agrees to provide a check in the amount of $5,000 to the Clerk's Office of the Eastern District of Wisconsin specifying in a cover letter that the check is meant to satisfy any fine that is imposed in this case.

### Special Assessment

32.     The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing.

### Forfeiture

33.     The defendant acknowledges and understands that:

   a. By signing the stipulation and settlement agreement attached hereto as Attachment B, on behalf of himself and Trinity Marketing, Inc. ("Trinity Marketing"), the defendant has agreed (1) to withdraw his and Trinity Marketing's claims to the Chevrolet Corvette Stingray Convertible bearing vehicle identification number 1G1YE3D74E5117919, and (2) to the forfeiture of that vehicle, in the related civil forfeiture case *United States v. One 2014*

8

*Chevrolet Corvette Stingray Convertible bearing vehicle identification number (VIN)* 1G1YE3D74E5117919, 16-CV-1594 (E.D. Wis.);

b. By signing the stipulation and settlement agreement attached hereto as Attachment C, on behalf of himself and Trinity Marketing, the defendant has agreed (1) to withdraw his and Trinity Marketing's claims to the real property commonly known as 201 Zephyr Way, #2800, Winter Park, Colorado, and (2) upon resolution of the claim of Zephyr Mountain Lodge Association, Inc. to that real property, to the forfeiture of that real property, in the related civil forfeiture case *United States v. Certain Real Property Commonly Known as 201 Zephyr Way, #2800, Winter Park, Colorado*, 17-CV-208 (E.D. Wis.);

c. By signing the stipulation and settlement agreement attached hereto as Attachment D, on behalf of himself and Sonag Company, the defendant has agreed (1) to withdraw his and Sonag Company's claims to the Approximately $1,349,496.00 in United States currency from UBS account ending in 0703, and the remaining approximately $567,780.32 in United States currency from UBS account ending in 0589, and (2) to the forfeiture of those amounts of seized currency, in the related civil forfeiture case *United States v. Approximately $1,349,496.00 in United States currency from UBS account ending in 0703, et al.*, 17-CV-1770 (E.D. Wis.)

d. By signing the stipulation and settlement agreement attached hereto as Attachment E, on behalf of himself and Sonag I, LLC ("Sonag I"), the defendant has agreed (1) to withdraw his and Sonag I's claims to the real property commonly known as 5500 (to include 5510) West Florist Avenue, Milwaukee, Wisconsin, and (2) upon resolution of the claim of lienholder

9

Cornerstone Community Bank to that real property, to the forfeiture of that real property, in the related civil forfeiture case *United States v. Certain Real Property Commonly Known as 5500 (to include 5510) West Florist Avenue, Milwaukee, Wisconsin*, 18-CV-519 (E.D. Wis.).

34. The defendant agrees to cooperate, both individually and on behalf of any entity he controls, including Trinity Marketing, Sonag I, and Sonag Company, with the government in effectuating the terms of the civil forfeiture case settlement agreements attached hereto as Attachments B, C, D, and E, whose terms the parties hereby agree be incorporated into this plea agreement. The defendant agrees to take all reasonable steps requested by the United States, including executing documents needed to pass clear title to forfeitable assets to the United States and to facilitate the sale of such forfeitable assets. If called upon to do so by the government, the defendant agrees to testify truthfully in any judicial forfeiture proceeding regarding forfeiture matters, including any proceedings regarding any third-party claims as to property subject to forfeiture in this matter.

35. The parties stipulate to the immediate entry of a preliminary order of forfeiture imposing a money judgment of forfeiture against the defendant in the amount of $500,000.

36. The defendant agrees that the United States may immediately obtain entry of a preliminary order of forfeiture forfeiting, as substitute assets to satisfy the money judgment of forfeiture, each of the following property items:

   a. an undivided 1.9096% interest in Unit 49A of Bay Lake Tower at Disney's Contemporary Resort; a leasehold condominium (Orange County, FL); Membership No. 605401013178; Contract No. 10012304.000, Brian L. Ganos and Gianna Ganos (Estimate: 375 Points);

b. an undivided 0.5092% interest in Unit 53B of Bay Lake Tower at Disney's Contemporary Resort; a leasehold condominium (Orange County, FL); Membership No. 605401013178; Contract No. 10012304.001, Brian L. Ganos and Gianna Ganos (Estimate: 100 Points);

c. a 1967 Ford Mustang Shelby bearing VIN 67400F7A02797 (titled in the name of Brian L. Ganos);

d. a 1969 Chevrolet Camaro bearing VIN 124379N695109 (titled in the name of Brian L. Ganos);

e. a 2009 Ford Mustang Shelby GT500 bearing VIN1ZVHT88S295140756 (titled in the name of Brian L. Ganos); and

f. a 2016 Cadillac Escalade bearing VIN 1GYS4HKJ4GR416084 (currently titled in the name of Sonag Ready Mix LLC).

37. The parties agree that (a) the government shall be limited to seizing and forfeiting the property items identified in paragraph 36 for the purposes of satisfying the money judgment of forfeiture, and (b) only the net proceeds from the sale of the property items identified in paragraph 36—and the net proceeds of none of the property items to be civilly forfeited—shall be credited against the money judgment of forfeiture. Upon forfeiture of the items identified in paragraph 36, the government will file a satisfaction of the money judgment of forfeiture.

38. The parties agree that the government may immediately seize the property items identified in paragraphs 36(a)-36(e). If the sentencing court imposes a term of imprisonment, then within fourteen days after the defendant reports to prison, or if the sentencing court imposes no term of imprisonment, then within eight weeks after sentencing, the government may seize the property items identified in paragraph 36(f). The defendant agrees that he and his agents shall cooperate with the government's efforts to effect such seizures.

11

39. If the sentencing court imposes a term of imprisonment, then within fourteen days after the defendant reports to prison the government will move to lift, on a prospective basis only, the March 1, 2019 restraining order that the court entered in this case to escrow the approximately $3,173 in weekly payments that Sonag Company is receiving from Sonag Ready Mix ("SRM") as payment for Sonag Company's sale to SRM of Sonag Company's one-half interest in SRM. Alternatively, if the sentencing court imposes no term of imprisonment, then within eight weeks after sentencing the government agrees to move to lift, on a prospective basis only, the March 1, 2019 restraining order. In either event, the parties agree that: (a) the government is entitled to retain, and to the immediate entry of a preliminary order of forfeiture forfeiting as a directly forfeitable asset under 18 U.S.C. § 982(a), all of the money that has been paid into the government's escrow account under the court's March 1, 2019 restraining order up to the date when the government moves to lift the restraining order on a prospective basis and (b) the defendant will have the right to receive such payments that SRM makes for Sonag Company's sale to SRM of Sonag Company's one-half interest in SRM thereafter.

40. Within five days after entry of guilty pleas pursuant to this plea agreement, and acceptance of those pleas by the district court, the defendant agrees to dismiss, on behalf of himself and Sonag Company, Inc., his and Sonag Company's appeal of the restraining order in Case No. 19-1458 (7th Cir.).

41. The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

12

## **DEFENDANT'S WAIVER OF RIGHTS**

42. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

43. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights.

13

The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

44. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

45. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

46. The defendant knowingly and voluntarily waives any claim or objection he may have based on statute of limitations.

## **Further Civil or Administrative Action**

47. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that, except as specified in the following paragraph, nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

14

48. The parties agree that if the defendant satisfies the financial and forfeiture-related obligations set forth in paragraphs 33-41 above, the United States will not pursue any civil liability the defendant has related to this matter, including any civil liability under the False Claims Act, 31 U.S.C. § 3729 *et seq*. The defendant has provided sworn financial statements to the United States with this plea agreement. The United States has relied on the accuracy and completeness of those financial statements in reaching this agreement, and the defendant warrants that those financial statements are complete, accurate, and current, to the best of his knowledge. The parties further agree that, if the United States learns of any asset(s) in which the defendant had an interest at the time of this agreement that have a value of $50,000 or more and that were not disclosed in the financial statements, the United States is immediately entitled to one hundred percent of any such undisclosed asset(s) from the defendant.

49. The defendant agrees not to contest or dispute any action by any federal agency to suspend or debar the defendant, Sonag Company, Inc., and any other entity in which the defendant has any interest, direct or indirect, presently or in the future, from government contracting.

## Further Action by Internal Revenue Service

50. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the superseding indictment.

## GENERAL MATTERS

51. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

52. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

53. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

54. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

55. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge against him personally or against Sonag Company, Inc. is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

56. The defendant acknowledges, understands, and agrees that he will plead guilty

16

freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 6-3-19

BRIAN L. GANOS
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant.

Date: 06.03.19

STEPHEN P. HURLEY
Attorney for Defendant

For the United States of America:

Date: 6/3/2019

MATTHEW D. KRUEGER
United States Attorney

Date: 6-3-19

SCOTT J. CAMPBELL
ZACHARY J. COREY
MICHAEL A. CARTER
Assistant United States Attorneys

18