UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Case No. 18-CR-62

BRIAN GANOS, et al.,

        Defendants.

---

## STIPULATION AND SETTLEMENT AGREEMENT
## RESOLVING GM FINANCIAL'S LIEN ON 2016 CADILLAC ESCALADE

---

The Plaintiff, the United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Scott J. Campbell, Assistant United States Attorney, and lienholder GM Financial, by Tammy Ward, its Assistant Vice President for Account Services/Consumer Services, hereby stipulate and agree as follows:

    1.    On April 3, 2018, and May 1, 2018, in Case No. 18-CR-62 (E.D. Wis.), Defendant Brian Ganos and others were charged in an indictment (R. 1) and superseding indictment (R. 25), respectively, that alleged, among other things, violations of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), 1349 (conspiracy to commit mail and wire fraud), 1956 (concealment money laundering and money laundering conspiracy), and 1957 (unlawful financial transactions).

    2.    On June 3, 2019, the United States and Defendant Ganos entered into a plea agreement in which Defendant Ganos agreed to the entry of a preliminary order of forfeiture forfeiting, as a substitute asset to satisfy the money judgment of forfeiture, a 2016 Cadillac Escalade bearing VIN 1GYS4HKJ4GR416084 (titled in the name of Sonag Ready Mix LLC) (the "Cadillac Escalade"). (R. 154, ¶ 36).

3. On August 5, 2019, the Court entered a preliminary order of forfeiture of the Cadillac Escalade. (R. 200).

4. On November 8, 2019, the United States filed a Notice of Forfeiture of, among other items, the Cadillac Escalade (R. 213), and served that notice on GM Financial's Legal Department and others (R. 214).

5. The certified mail return receipt as to November 8 notice sent to GM Financial reflects that the notice was signed for and accepted on behalf of GM Financial on November 13, 2019.

6. The notice served on GM Financial informed it that interested parties having or claiming a legal right, title, or interest in the Cadillac Escalade must file a petition with the court within thirty (30) days of its receipt of the notice, pursuant to 21 U.S.C. § 853(n)(2).

7. The 30-day time limit for GM Financial to file a third-party petition expired on December 13, 2019.

8. No person or entity has filed a claim or petition to the Cadillac Escalade and, under to Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n), the time for filing a claim or petition has expired.

9. Because lienholder GM Financial is a legitimate lienholder in the Cadillac Escalade, and has been responsive to the Plaintiff United States' inquiries about resolving GM Financial's lienholder interest, the Plaintiff United States hereby elects to exercise its discretion to permit lienholder GM Financial to file a late third-party claim under 21 U.S.C. § 853(n).

10. GM Financial hereby asserts a claim in the Cadillac Escalade under 21 U.S.C. § 853(n)(2) and (3). GM Financial, by its undersigned representative, represents, under penalty of perjury, that it has a lienholder interest in the Cadillac Escalade by virtue of having made a

purchase money loan in connection with the purchase of the Escalade. As of May 22, 2020, GM Financial claims it is owed the sum of $14,693.20 in principal and interest and that the interest is accruing at the rate of $71.75 per month.

11. The Plaintiff United States and lienholder-claimant GM Financial hereby stipulate and agree to fully and finally resolve the lien of GM Financial as to the Cadillac Escalade on the following terms.

12. GM Financial hereby consents to the entry of a Final Order of Forfeiture:
(a) forfeiting all right, title, and interest in the Cadillac Escalade to the United States; and
(b) providing that claimant-lienholder GM Financial be paid a portion of net sale proceeds of the Cadillac Escalade on the terms set forth below.

13. Upon entry of a Final Order of Forfeiture, the United States shall dispose of the Cadillac Escalade in accordance with the law. The United States shall use its best efforts to sell the Cadillac Escalade at a price that will yield sufficient "Net Sale Proceeds," as that term is defined in paragraph 14 below, to pay GM Financial the maximum amount payable under paragraph 16.

14. The actual "Net Sale Proceeds" of the Cadillac Escalade shall be calculated as the gross sales proceeds that the United States realizes from the sale of the Cadillac Escalade, less any and all costs of sale, and any and all other costs and expenses that the United States Marshals Service ("USMS") and the Department of Defense – Office of Inspector General have incurred and will incur in connection with the seizure, forfeiture, and sale of the Cadillac Escalade, including costs incurred in connection with the custody, management, maintenance, repair, and sale, but excluding any attorney's fees that the United States Attorney's Office has incurred or

incurs in the future in connection with this forfeiture proceeding itself, to the extent that sufficient gross sales proceeds from the Cadillac Escalade are available to pay these amounts.

15. After the sale of the Cadillac Escalade by the United States, the United States shall pay GM Financial, from the Cadillac Escalade's "Net Sale Proceeds," as that term is defined in paragraph 14 above, the amount set forth in paragraph 16 below.

16. The United States shall pay GM Financial the following amounts from, and solely from, the Net Sale Proceeds of the Cadillac Escalade, up to the amount of the Net Sale Proceeds:

   a. The sum of $14,693.20, which the parties stipulate and agree is the amount of principal and interest owed to GM Financial on the Cadillac Escalade as of May 22, 2020; and

   b. From May 22, 2020, through the date of closing, the prorated amount of $71.75 in monthly interest on the outstanding principal – namely, $14,589.16 – owed to GM Financial on the Cadillac Escalade.

17. In the event that the maximum amount of the Net Sale Proceeds of the Cadillac Escalade to be paid GM Financial under paragraph 16 exceeds the actual total "Net Sale Proceeds," as calculated in paragraph 14, then the United States shall pay the actual total Net Sale Proceeds of the Cadillac Escalade, as calculated in paragraph 14, to GM Financial in full satisfaction of GM Financial's lien on the Cadillac Escalade. In other words, in no event shall the United States be obligated to pay GM Financial any amount in excess of the actual Net Sale Proceeds of the Cadillac Escalade under this Agreement with regard to GM Financial's lien on the Cadillac Escalade.

18. The payment to GM Financial under the foregoing paragraphs shall be in full settlement and satisfaction of the claim that GM Financial has made in paragraph 10 of this

agreement, as well as any other claim that GM Financial now has or might have, arising from and relating to the seizure, forfeiture, and sale of the Cadillac Escalade.

19. In consideration of the mutual promises set forth herein, GM Financial hereby releases the claim it made in paragraph 10 above as well as any and all liens it has on the Cadillac Escalade. GM Financial also agrees to provide the United States Marshals Service, along with its signed copy of this agreement, a signed original Release of Lien.

20. Subject to the United States' full and complete performance of all its material obligations under this Settlement Agreement, GM Financial hereby releases and waives any and all claims it has or might have against the United States, the United States Department of Justice, the United States Marshals Service, the United States Department of Defense – Office of the Inspector General, the Federal Bureau of Investigation, and all agents, officers, and employees thereof (hereinafter the "Released Parties"), relating to the United States' seizure, forfeiture, and sale of the Cadillac Escalade, including, but not limited to, any additional claims for lost profits or interest and any claims under 28 U.S.C. § 2465. GM Financial also agrees to hold the Released Parties harmless from any and all claims of third parties pertaining to the Cadillac Escalade.

21. GM Financial hereby waives all time limits set forth in 18 U.S.C. § 983 and any claim to further notice of forfeiture.

22. Each party shall bear its own costs, expenses, and attorney's fees.

23. The individual signing this Stipulation and Settlement Agreement on behalf of GM Financial warrants and represents that GM Financial has authorized her to execute this Stipulation and Settlement Agreement on behalf of GM Financial.

24. This Stipulation and Settlement Agreement contains the entire agreement between GM Financial and the United States relating to GM Financial's lien on the Cadillac Escalade.

25. The Court shall retain jurisdiction for the purpose of enforcing the terms of this Stipulation and Settlement Agreement.

| | |
|---|---|
| 6/8/2020 <br> Date | s/SCOTT J. CAMPBELL <br> SCOTT J. CAMPBELL <br> Assistant United States Attorney <br> Scott J. Campbell Bar Number: 1017721 <br> Attorney for Plaintiff <br> Office of the United States Attorney <br> Eastern District of Wisconsin <br> 517 East Wisconsin Avenue, Room 530 <br> Milwaukee, Wisconsin 53202 <br> Telephone: (414) 297-1700 <br> Fax: (414) 297-1738 <br> E-Mail: scott.campbell@usdoj.gov |
| 6/3/2020 <br> Date | s/TAMMY WARD <br> GM FINANCIAL, by TAMMY WARD, its Assistant Vice President for Account Services/Consumer Services |